| iGAUDIN, Chief Judge.
This litigation involves ownership of Lot A, Square 127, Metairieville Subdivision in Jefferson Parish. The Board of Commissioners for the East Jefferson Levee District and the Parish of Jefferson, claiming ownership primarily because of a 1960 district court judgment, sued Angela and Edward Shockley, who also claimed ownership, in the 24th Judicial District Court.
The Shockleys allegedly acquired the property in question on December 3, 1986 from Edward’s father, Robert Shockley for $1,000.00. Angela and Edward Shockley contend that the 1960 judgment simply paid Robert Shockley for damages to the property caused by the construction of a levee and that the lawsuit did not transfer ownership of the land from Robert Shockley to the Pontehartrain Levee District, predecessor of the East Jefferson Levee District.
The trial judge ruled on December 20, 1996 that the 1960 judgment did in fact divest Robert Shockley of title to the property and that he “... received payment for the full and actual market value of his property.” For the following reasons, we affirm this judgment.
_JjLot A, Square 127, Metairieville Subdivision is situated in Bucktown Harbor between the levee and lake. The lot, part of which is under water, measures 75 by 319 feet.
*1393 Robert Shockley purchased the subject property on September 30, 1944 for $500.00. On March 24, 1949, the Pontehartrain Levee District passed a series of resolutions appropriating all lands between the levee right-of-way and the water’s edge of Lake Pontchartrain, including' Lot A, Square 127, Metairie-ville Subdivision.
On June 10, 1950, Robert Shockley sued the Pontehartrain Levee District, claiming that his property had been “unlawfully taken” or “arbitrarily confiscated” and that he had not been paid anything. He stated that his land was worth not less than $1,500.00. The case was heard in the 23rd Judicial District Court (St. James Parish) by Judge Clyde V. St. Amant, who found that the Shockley property had in fact been taken and that there “... remains for determination only the value of the property taken.” By judgment rendered June 20, 1960, Judge St. Amant awarded to Robert Shockley the sum of $2,625.00 plus legal interest from March 24, 1949 until paid. By ruling as he did, Judge St. Amant found that the Shockley land had been in effect expropriated and not appropriated or merely damaged. Appropriation of property does not vest title in the state or a state agency; expropriation of land does. Judge St. Amant set a value for the land taken, not the value of a servitude taken, and the value was for the entire lot, not only the segment above the water line.
After Robert Shockley received $4,106.53 following the judgment, he removed the property from the tax rolls.
In the ease now on appeal, the one involving Angela and Edward Shockley, the trial judge assigned, in part, these reasons for judgment:
13“This matter came before the Court on a Trial on the Merits on December 16, 1996. This case arises out of a dispute over ownership of Lot A, Square 127 in Metairieville Subdivision. Both parties claim ownership.
“The Pontehartrain Levee District passed a series of resolutions in 1949 for appropriation of levee right-of-ways and all lands between the levee right-of-ways and the water’s edge. These resolutions were a result of the continuing southward movement of the lake and the erosion of shoreline on the south shore ...
“The land in question was purchased by Robert H. Shockley on September 23,1944 for the sum of $500.00. In the June 10, 1950 lawsuit, Robert Shockley claimed the land has a value of not less than $1,500. The Court’s award for that portion of the land which was above the mean high water mark was $2,625.00, as of March 24, 1949. The plan of F.B. Grevemberg, Surveyor, as stipulated to by the parties, was utilized, and showed that most of Lot A was under water, and was not a part of the taking. The state is the owner of the water bottoms. The land on the survey was appropriated on March 24,1949.
U“The Court feels that since most of the property was below the mean high water mark, it is apparent that such an award had to be for the total value of the property taken. This is also indicated by the court in its reasons for judgment, as ‘the value of the property taken’. Defendants have received full value for the land, $2,625.00, plus interest, which has been paid and accepted.
“The Court takes note of the case of A.K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 238 La. 926, 117 So.2d 60 (1960), in which another owner sued challenging the appropriation. In that case, the Supreme Court stated that, ‘... considerations of public policy require that the owner shall not be permitted to reclaim its property but shall be restricted to a claim for compensation for the value of the property taken and for damages to adjacent land, if any, determined as of the date of the taking’. Roy, at 63.
“The Court finds that the 1960 Shockley judgment divested Robert Shockley of fee title in and to the appropriated land. Robert Shockley v. Board of Commissioners for Pontchartrain Levee District, No. 7885 (23rd JDC 1960). It is the opinion of this Court that, as in the case of Delaune v. City of 5Kenner, 550 So.2d 1386 (La.App. 5th Cir.1989), unit den., 553 So.2d 475 (La.1989), defendants should be estopped from relitigating the issue of appropriation *1394 versus expropriation. Therefore, neither Robert Shockley nor the defendants have any right of reclamation in and to the lost or eroded portion of Lot A. Robert Shockley received payment for the full and actual market value of his property, removed his property from the tax rolls, and acquiesced in the Parish lease reclamation and construction for a period of twenty-six (26) years.
“For reasons stated above, the Court finds in favor of the plaintiffs and against the defendants declaring that the Board of Commissioners for the East Jefferson Levee District is the owner of that portion of Lot A, Square 127, Metairieville Subdivision appropriated by Pontchartrain Levee District resolution dated March 24, 1949. The Court recognized the leasehold interest of the Parish of Jefferson in and to the remainder of Lot A, Square 127, Me-tairieville Subdivision, which constitutes state water bottoms. The preliminary injunction is made permanent.”
 The background and circumstances of this case and this Court’s opinion in De-laune v. City of Kenner, cited by the trial judge, fully support the December 20, 1996 judgment. The Delaune case, with facts very 1 asimilar to the Shockleys’ case, held (1) that once a property-owner has been paid the full market value of the land, the state or state agency owns the property; and (2) that once a property-owner is paid the full market value after litigation, he cannot relitigate the issue of appropriation versus expropriation.
AFFIRMED.